# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY D. SAYRE,**

    **Plaintiff,**

**v.**                                                              **Civil Action No. 2:10cv108**
                                                                       **(Judge Maxwell)**

**C/O HUMBLE AND**
**C/O POWELL,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on September 13, 2010, by filing a complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff asserts that the defendants have "taken his legal property" and "made threats against him." Because he "fears for his safety," the plaintiff requests a restraining order against the defendants. This case is before the Court on the plaintiff's Application to Proceed Without Prepayment of Fees, executed Consent to Collection of Fees Form and Prisoner Trust Account Report with attached ledger sheets.

The Prison Litigation and Reform Act (PLRA) of 1996 has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. § 1915 provides:

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff in this case is well known to the Court. Mr. Sayre has filed numerous cases in this district and others, many of which were dismissed on the grounds that they were frivolous,

malicious or failed to state a claim upon which relief may be granted.  Consequently, Mr. Sayre has been advised several times that he cannot proceed without the prepayment of fees unless he first establishes that he is under imminent danger of serious physical harm.

Pursuant to § 1915(g), the Court takes judicial notice of the following cases from this district which were dismissed as frivolous, malicious or for the failure to state a claim: (1) Sayre v. Taylor, case no. 1:99cv158;[1] Sayre v. Crim, case no. 1:99cv155; Sayre v. Godwin, case no. 1:97cv148; and Sayre v. Dyer, case no. 5:92cv137.  Further, Sayre's appeal in Sayre v. Godwin, was found to be frivolous by the Fourth Circuit Court of Appeals and dismissed "on the reasoning of the district court."[2]  Additionally, Sayre has filed numerous complaints in the Southern District of West Virginia and has three strikes against him in that court.  *See* Sayre v. Mount Olive Correctional Complex, 5:01cv0434 (S.D.W.Va. Oct. 17, 2001) (citing Sayre v. Painter, No. 5:99-0748; Sayre v. State of West Virginia, No. 2:99-0938; Sayre v. Painter, No. 5:00-0088; and Sayre v. Painter, No. 5:00-0099).

Based on the numerous strikes Sayre has accumulated in both the Northern and Southern Districts of West Virginia, he may not file another complaint without prepayment of fees unless he is in imminent danger of serious physical harm.  The complaint in this case does not meet that standard.

Accordingly, the undersigned recommends that the plaintiff's Application to Proceed

---

[1] The case was dismissed because Sayre pleaded habeas issues in a § 1983 case, and thus, failed to state a claim by raising matters which were not cognizable in a § 1983 case.  Thus, the dismissal counts as a strike.  See Baker v. Keating, 8 Fed. Appx. 893, 2001 WL 321206 (10th Cir. 2001) (unpublished).

[2] An appeal which is dismissed as frivolous is counted as a strike.  Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775 (10th Cir. 1999).

Without Prepayment of Fees (dckt. 5) be **DENIED** and that this case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit.").

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 4, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE